

360 Lexington Avenue
New York, New York  10017

Steven J. Shore, Esq.
Tel: 212.922.9250
Fax: 212.922.9335
sshore@ganfershore.com

March 9, 2021

**BY ELECTRONIC FILING**

Honorable Alvin K. Hellerstein
United States District Judge
United States District Court for the
  Southern District of New York
500 Pearl Street
New York, New York  10007

      Re:    Joseph Fulda et al. v. Mark Eisenstadt et al.
               Case No. 20-cv-08846(AKH)(SN)

Dear Judge Hellerstein:

      This is to respond briefly to Mr. Parlatore's letter.  We do not believe my letter of yesterday was inconsistent with Your Honor's Individual Rules.  Rule 2.B, which provides that pre-motion letters are not necessary, is inapplicable because my letter requested a conference with the Court, not permission to make a motion.  The parties had agreed upon virtually all settlement terms and drafted agreements and we had hoped that with the Court's involvement an overall settlement could be achieved.

      Moreover, Rule 2.E governing "Disputes" contains a reference to "the meet and confer rule," which we understand as referring to discovery disputes.  This is not a discovery dispute.  In any event, we were and remain prepared to meet and confer with counsel, but this was not possible because the Fuldas' counsel refused to schedule a telephone conference unless we agreed to unreasonable preconditions including that the conference be recorded.  However, if the Court wishes for counsel to meet and confer and to submit a joint letter summarizing the parties' disagreement, we would be pleased to do so.

      The bottom line is that this case was on the verge of settlement when our adversary decided to sabotage the settlement process, by unilaterally disregarding the fact that the document that was transmitted was expressly subject to two escrow conditions, neither of which was met.  That document was revoked and withdrawn before either of the escrow conditions was met and therefore is null and void.

      My clients still believe this case should be settled, but not on terms affected by attorneys' sharp practice.  As stated in my initial letter to the Court, if this situation is not resolved, what should have been a settlement and resolution of the action is likely to deteriorate into expanded and multiple litigations.  We perceive no valid reason that counsel should resist scheduling a conference to discuss the situation with the Court.

Honorable Alvin K. Hellerstein, U.S.D.J.
March 9, 2021
Page 2

                                      Respectfully,

                                      /s/
                                    Steven J. Shore

cc:    Timothy Parlatore, Esq. (by ECF and e-mail)
        Maryam Hadden, Esq. (by ECF and e-mail)
        Shawn Hynes, Esq. (by ECF and e-mail)
        Ira Brad Matetsky, Esq.