

360 Lexington Avenue
New York, New York  10017

Steven J. Shore, Esq.
Tel: 212.922.9250
Fax: 212.922.9335
sshore@ganfershore.com

March 8, 2021

**BY ELECTRONIC FILING**

Honorable Alvin K. Hellerstein
United States District Judge
United States District Court for the
   Southern District of New York
500 Pearl Street
New York, New York  10007

> The request for a conference is denied.  The court does not accept letters not authorized or pursuant to rule. The dispute may be tendered in a joint letter or by motion.
>
> So ordered,
> /s/ Alvin K. Hellerstein
> Alvin K. Hellerstein
> 3/9/21

    Re:    Joseph Fulda et al. v. Mark Eisenstadt et al.
               Case No. 20-cv-08846(AKH)(SN)

Dear Judge Hellerstein:

      We write to request an online or telephone conference with the Court to address an urgent issue that has arisen in this action.

      This is an action brought by Plaintiffs Joseph and Malka Fulda (the "Fuldas") against approximately 20 defendants.  We represent ten (10) of the defendants, including Marc (Meir) Eisenstadt ("Meir") and Chesed I LLC ("Chesed"; collectively the "Eisenstadt Defendants").  The Eisenstadt Defendants have moved to dismiss the Complaint and the Fuldas' response to that motion is pending.  The Fuldas are represented by Timothy Parlatore, Esq. and Maryam Hadden, Esq.  Co-defendant American Express is represented by Shawn Hynes, Esq.  Mr. Parlatore, Ms. Hadden, and Mr. Hynes are copied on this letter.

      The parties have been engaged in settlement discussions in an attempt to resolve this litigation.  Without placing specific details of the settlement discussions on the record, the proposed settlement involved two agreements.  The first agreement (the "Settlement Agreement") would provide for dismissal of all claims against the Eisenstadt Defendants and certain other defendants in return for payment of a sum of money to the Fuldas.  The second agreement (the "AmEx Agreement") would provide for a resolution of certain claims among Plaintiffs, the Eisenstadt Defendants, and American Express on terms including American Express's turning over to Plaintiffs a reserve fund comprising monies belonging to Chesed that American Express was holding.

      The parties had reached agreement on the wording of the Settlement Agreement, subject to final resolution of the dollar amount to be paid.  The parties also reached agreement on the terms of the AmEx Agreement.  Late on Friday afternoon, March 5, 2021, I transmitted the AmEx Agreement signed by Marc to counsel for the Fuldas and American Express, stating that the agreement was to be held in escrow until all parties had exchanged signatures on that agreement and until the Settlement Agreement was also

Honorable Alvin K. Hellerstein, U.S.D.J.
March 8, 2021
Page 2

finalized and executed. My e-mail also stated that if counsel was not prepared to hold the document in escrow it should be returned. This was consistent with the understanding of all parties that the two agreements were part of an overall settlement. Copies of my e-mails are annexed.

Much to my surprise, the Fuldas' counsel responded that they would not hold the AmEx Agreement in escrow or return it. I was shocked by the position the Fuldas' counsel were taking. I have practiced law for more than 40 years and I have never before encountered a situation in which counsel intentionally disregarded a direction that a document be held in escrow or returned. Upon learning of the Fuldas' position I immediately advised counsel that our clients' signatures on the AmEx Agreement were withdrawn and that the document was null and void. At that time, neither the Fuldas nor AmEx had provided us with a signed AmEx Agreement, so my clients had the right to revoke and withdraw their signatures as they did.

The Fuldas have continued to take the position that the AmEx Agreement is binding on its own, even though it was revoked and withdrawn before the other parties signed, and even though there is still no agreed-upon and executed Settlement Agreement. AmEx has now joined the Fuldas in this position. As a result, we understand AmEx's position to be that it may release the reserve funds to the Fuldas at any time. If AmEx unilaterally proceeds in this manner, the likelihood of an overall settlement of the litigation before Your Honor may be significantly diminished. Indeed, in such event the scope of the dispute either before Your Honor or elsewhere will be significantly expanded as we will then also have to assert claims for the misappropriation and unauthorized release of Chesed's funds against the Fuldas, AmEx, and all other persons who participate in such activity.

We find the position that the Fuldas and AmEx are taking to be inexplicable. It is axiomatic that a signature on a contract can be withdrawn before the other parties have provided their signatures. *See, e.g., Matter of Civil Service Employees' Ass'n v. Baldwin Union Free School Dist.*, 84 A.D.3d 1234 (2d Dep't 2012). It is also axiomatic that a document must not be released from escrow (especially by an attorney) until all the escrow conditions are met. *See, e.g., MHR Capital Partners LP v. Presstek, Inc.*, 55 A.D.3d 12 (1st Dep't 2008), *aff'd*, 12 N.Y.3d 640 (2009).

Until the Fuldas and AmEx asserted that the AmEx Agreement could be released from escrow and binding without a signed Settlement Agreement, we believed that this entire matter, including the litigation before Your Honor, was close to a resolution. The Fuldas' and AmEx's present, improper position threatens not only to torpedo the settlement and but to prolong and multiply the litigation. We believe that a conference with Your Honor might be helpful in providing direction to the parties and placing this matter back on a more productive course.

                Respectfully,

                /s/
                Steven J. Shore

cc:    Timothy Parlatore, Esq. (by ECF and e-mail)
       Maryam Hadden, Esq. (by ECF and e-mail)
       Steven J. Shore, Esq. (by ECF and e-mail)



360 Lexington Avenue
New York, New York  10017

## Steven J. Shore

**From:** Steven J. Shore
**Sent:** Friday, March 5, 2021 5:25 PM
**To:** Maryam N. Hadden, Esq.; Shawn T Hynes
**Cc:** Ira B. Matetsky
**Subject:** RE: FW: Eisenstadt

Maryam:

Sorry, correction. Please do not release from escrow until we also have a signed settlement agreement with Fulda. Please confirm such understanding or return the signed affidavit/settlement agreement. Thanks.

Steve

**From:** Steven J. Shore
**Sent:** Friday, March 05, 2021 5:20 PM
**To:** Maryam N. Hadden, Esq. <maryam.hadden@parlatorelawgroup.com>; Shawn T Hynes <Shawn.T.Hynes@aexp.com>
**Cc:** Ira B. Matetsky <imatetsky@ganfershore.com>
**Subject:** FW: FW: Eisenstadt

Maryam:

Attached is an executed and notarized copy of the Affidavit/Settlement Agreement. Please hold in escrow until you can send a fully executed copy back to me. Thanks.

Steve