So ordered,
/s/ Alvin K. Hellerstein
Alvin K. Hellerstein
3/19/21

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSEPH FULDA,
MALKA FULDA

                  Plaintiffs,                  Docket No.: 20-cv-08846(AKH)(SN)

      -against-                                 **NOTICE OF MOTION**
                                                **DISMISSING COMPLAINT**
MARC EISENSTADT a/k/a                   **AS IT RELATES TO**
MEIR EISENSTADT, AUTO FILLING      **DEFENDANT ARI MARBURGER**
SERVICES, LLC, CHESED 1, LLC,         **WITH PREJUDICE**
M.S. PETROLEUM, LLC, BLUE JAY
PETRO, LLC, FUELFILLED INC,
HELEN EISENSTADT, AARON
KNOPFLER, SHIRLEY KLEINBART,
JAY EISENSTADT, IRA EISENSTADT,
AVIGAIL EISENSTADT, YAAKOV
YOUNG, MICHAEL WEISS, ARI
MARBURGER, MOSHE WALDMAN,
AMERICAN EXPRESS, INC.,

                  Defendants.
------------------------------------------------------------X

## NOTICE OF MOTION TO DISMISS COMPLAINT AS IT RELATES TO DEFENDANT ARI MARBURGER WITH PREJUDICE

Plaintiffs, Joseph Fulda and Malka Fulda, through their attorneys, hereby respectfully move to Dismiss the above-captioned Complaint as it relates to Defendant Ari Marburger with prejudice. Plaintiffs signed a binding arbitration agreement submitting "all disputes and differences between them and all claims that either party alleges that he has against the other party to date" to a final determination by Bais Din Nesivos Chaim ("BDNC").

Plaintiffs filed the instant Complaint on October 22, 2020 against multiple defendants, including Defendant Ari Marburger. Defendant Marburger was named in the First, Second, Fifth

and Seventh Counts of the Complaint.  On or about January 29, 2021, both Plaintiffs signed and Defendant Marburger signed an arbitration agreement. Paragraph 1 states that the arbitration agreement applies to "all disputes and differences between them and all claims that either party alleges that he has against the other party to date" and both Plaintiffs and Defendant Marburger signed the agreement with that language unaltered.

 Plaintiff recognizes that Rabbi Marburger has a good reputation within their shared religious community.  It is Plaintiff's belief, therefore, that Rabbi Marburger would provide reliable testimony and Plaintiff made this clear during arbitration before BDNC.  Plaintiff has no desire to negatively impact Rabbi Marburger's standing within the community.

On or about January 31, 2021, BDNC issued a *Psak Din*, the decision of the arbitrators, resolving the matters between the parties and retaining jurisdiction over the matter. The Decision found that the four counts asserted against Rabbi Marburger must be withdrawn immediately, and that any amended complaint against the other defendants must explicitly indicate that Rabbi Marbuger is excluded from all such claims. In turn, Rabbi Marburger was directed to cooperate with Plaintiffs within the parameters allowed him by *halacha* and the law.

As "all disputes" and "all claims" have been referred for arbitration by both parties, Plaintiffs have voluntarily removed the matter at issue from this Court's jurisdiction.  Whereby Plaintiffs respectfully move to dismiss the Complaint as to Defendant Ari Marburger with prejudice.

Dated: March 12, 2021

    Respectfully submitted,

    */s/ Maryam N. Hadden*
    Maryam N. Hadden Esq.
    Parlatore Law Group, LLP

*Counsel for Plaintiffs*
One World Trade Center, Suite 8500
New York, New York 10007
646-846-6382
maryam.hadden@parlatorelawgroup.com